Dorleus Law PLLC
Josue Dorleus, Esq. (JD5935)
10 Paerdegat 9th Street
Brooklyn, New York 11236
917.353.2475
Email: Jdorleus@dorleusaw.com

**UNITED STATES DISTRICT COURT**
**SOURTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAOYANG HUANG, AN INDIVIDUAL<br><br>*Plaintiff*<br><br>v.<br><br>VALARHASH LLC, VALARHASH INC., VHASH, INC., and YONGSHUANG LYU a/k/a FIONA LYU,<br><br>*Defendants* | **Civil Action No.: 1:22 CV-09973-GHW**<br><br>**AMENDED COMPLAINT** |

Plaintiff HAOYANG HUANG. ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendants VALARHASH LLC, VALARHASH INC., VHASH, INC. ("VALARHASH") and YONGSHUANG LYU a/k/a FIONA LYU ("LYU") (collectively. "Defendants") and in support thereof, avers as follows:

**PARTIES**

1. At all laintiff HAOYANG HUANG is an is an individual citizen of New York who maintains a residence at 8 Spruce Street, New York, N.Y 10038.

2. Defendant VALARHASH LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business located in San Mateo, California.

3. Upon information and belief, VALARHASH LLC is a single member limited liability company.

1

4. Upon information and belief, YONGSHUANG LYU a/k/a FIONA LYU is the sole member of VALARHASH LLC.

5. Defendant, YONGSHUANG LYU a/k/a FIONA LYU is an individual, and upon information and belief, is a citizen of the state of California.

6. VALARHASH INC., is a domestic corporation organized and existing under the laws of Delaware with its principal place of business located in San Mateo, California. The registered agent on file for this company is A Registered Agent Inc. and is located at 8 The Green, Ste A, Dover, DE 19901.

7. Defendant VHASH INC. is a domestic corporation organized and existing under the laws of California with its principal place of business at of 61 W 25TH AVE, #200, SAN MATEO, CA, 94403.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), based upon the diversity of the parties and because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendants because they regularly conduct business within the State of New York, the transactions and occurrences out of which this dispute arose transpired within the State of New York, This Court also has personal jurisdiction over Defendants because they have had sufficient contacts with the State of New York in relation to the events giving rise to this dispute to subject them to personal jurisdiction and, moreover, Defendants knowingly and intentionally caused significant harm to Plaintiff within the State of New York.

10. The Court also has Diversity Jurisdiction over this matter inasmuch as Plaintiff resides and is a resident of New York State and Defendants are residents of Delaware and California.

**FACTUAL ALLEGATIONS**

11. This matter arises out of a scheme by Defendants to convert defraud Plaintiff out of 23.5 Bitcoins ("BTC") worth One Million Dollars ($1 Million) for a share/equity purchase in LYU's companies.

12. Upon information and belief, in August 2021, LYU incorporated VALARHASH LLC, VALARHASH Inc. and VHASH INC ("collectively, referred to "VALARHASH")

13. The companies aimed to locate and utilize bitcoin mining facilities in the United States.

14. Upon information and belief, at all times herein, LYU exercised control over VALARHASH's finances and bank accounts.

15. LYU agreed that Plaintiff could acquire shares in VALARHASH as an investor. On July 2021 in Cleveland Ohio, LYU called Plaintiff on a three-way call with another person named Chunhua Zhao, and LYU confirmed to Plaintiff that in exchange for his $1 Million Dollars, he would receive 5% equity shares in VALARHASH.

16. Between September 25, 2021 and September 26, 2021, while in Cleveland Ohio LYU discussed VALARHASH's business needs and confirmed that Plaintiff would receive 5% equity share in exchange for his $1 Million Dollars.

17. On September 27, 2021, Plaintiff transferred exactly 23.5 Bitcoins worth exactly $1 Million Dollars' to LYU's designated Bitcoin address.

18. Notably, the understanding between the parties was that Plaintiff would invest $1 Million Dollars in exchange for the 5% equity shares. The agreement was never for Plaintiff to invest 23.5 BTCs as a random arbitrary number. Instead, it was explicitly understood that the 23.5BTCs would, based on the actual market value of the Bitcoin Cryptocurrency, convert into the $1 Million Dollars that the parties discussed.

19. Upon receipt of the 23.5 BTCs, LYU instantly converted the bitcoins into $1 million USD and provided Plaintiff screenshots of the conversion (**See Exhibit A** both in the original text between the parties and converted to English using the Translate App.)

20. Upon information and belief, LYU confirmed Plaintiff's investment in the company with a person named "Sheryl" and Chunhua Zhao.

21. Moreover, Plaintiff's Defendants shared an excel spreadsheet showing that my plaintiff paid and VALARHASH received it (**See Exhibit B** Both in original text and English Translation using Translate App.)

22. On December 23, 2021, Plaintiff communicated with LYU via the Signal App, and informed her that he needed to acquire his shares in VALARHASH under his name and not holding shares from a BVI company that LYU told him was the parent company of VALARHASH.

23. After learning of numerous questionable and fraudulent transactions made by LYU and VALARHASH, and after months of waiting for an official shares or equity purchase agreement, Plaintiff decided that he no longer wanted invest in LYU's companies and demanded his initial capital contribution back.

24. On June 11, 2022 LYU informed Plaintiff that she did have the money and offered to send Plaintiff back 23.5 BTC back which on June 11, 2022 was worth substantially less than Plaintiff's initial $ 1 Million Dollar contribution towards purchasing the shares.

25. LYU has acknowledged receipt of Plaintiff's $1 Million Dollars in Bitcoins via numerous texts messages.

26. On or about October 15, 2022, LYU through her counsel emailed the undersigned attorney for Plaintiff and stated:

> "We do not dispute your client's payment of One Million U.S. Dollars' worth of Bitcoins ("Capital Contribution") as capital contribution

4

towards Valarhash Group. The Capital Contribution was later deployed in business operation."

27. By LYU's Counsel's own admission, LYU and Valarhash converted and used Plaintiff's $1 Million Dollar contribution without the company issuing a formal written agreement despite multiple demands by Plaintiff.

28. Notwithstanding LYU's admission and her counsel's admission that the company converted Plaintiff's $1 Million Dollars, LYU and VALARHASH now maintain that the parties agreed to settle the matter out of court for the return of Plaintiff's 23.5BTCs.

29. On October 15, 2022, the value of Bitcoin was approximately $19,354.00. By offering to simply return Plaintiff's 23.5 BTCs, LYU and her companies stand to unlawfully retain $500,000 of Plaintiff's money that LYU and her counsel admitted was used towards the business operation of a business with which Plaintiff has no formal connection or ownership.

30. As a result of LYU's failure to return Plaintiff's $1 Million Dollars in contribution, LYU and VALARHASH have unlawfully converted Plaintiff's money funds and have been unjustly enriched.

31. Despite Plaintiff's effort to secure the return of all his money, LYU and VALARHASH have been adamant that they will only pay however much the current day value of 23.5BTC amount to.

32. The Parties initially agreed that Plaintiff would invest $1 Million Dollars to secure the 5% interest in VALARHASH. The $1 Million Dollars just so happen to convert to 23.5BTCs. However, it is unequivocally clear through the various written correspondence between the parties that the contractual intent between the parties was for Plaintiff to invest $1 Million Dollars, not 23.5BTCs, which plaintiff has offered to return.

## COUNT I – BREACH OF CONTRACT
### (Agreement to Purchase VALARHASH SHARES)

33. Plaintiff incorporates by reference Paragraphs 1-32 as if set forth fully herein.

34. Plaintiff, LYU and VALARHASH agreed in principal that Plaintiff would invest $1 Million Dollars in VALARHASH in exchange for 5% equity share in VALARHASH.

35. Consistent with the parties' intent and understanding, Plaintiff remitted to LYU's cold wallet approximately 23.5 BTCS which amount to the $1 Million Dollars the parties agreed to.

36. Notwithstanding Plaintiff's full performance under the oral contract, LYU and VALARHASH delayed and stalled in drafting an interest purchase agreement to consummate the transaction.

37. Notably, even though a formal agreement was never signed, LYU and VALARHASH certainly did not consider that a barrier to spending Plaintiff's $1 Million Dollars on their business operations. A business that Plaintiff has not ties to whatsoever because LYU and VALARHASH never intended to in fact divest any interest in the companies.

38. Pursuant to the oral agreement, Plaintiff paid $1 Million Dollars to Defendants LYU and VALARHASH. Plaintiff, however, never received the 5% equity shares.

39. Defendants have breached their obligations under the oral agreement by failing to deliver any of the required shares to Plaintiff and by failing to return all of the funds paid by Plaintiff to Defendants in connection with the parties' transactions.

40. As a result of Defendants' breaches of the oral agreement, Plaintiff has suffered direct damages in the loss of the funds it paid to LYU and VALARHASH in the amount of $1,000,000.

41. Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, together with prejudgment interest and post-judgment interest, an award

of costs of suit including Plaintiff's attorney's fees, and such other and further relief as the Court deems proper.

### COUNT II – UNJUST ENRICHMENT
### (As Against YONGSHUANG LYU a/k/a FIONA LYU)

42. Plaintiff incorporates by reference Paragraphs 1-41 as if set forth fully herein.

43. Plaintiff conferred a benefit on Defendants by paying them 23.5 BTC per the oral agreement noted above.

44. Defendants appreciated the benefit of the funds that Plaintiff paid to Defendants.

45. Defendants improperly have maintained possession of these funds, despite failing to deliver any of the required shares under the parties' oral agreement.

46. In particular, Plaintiff transferred 23.5BTCs to LYU's personal designated Cold Wallet. LYU acknowledged receipt of the 23.5BTC and upon receipt, immediately converted the Bitcoins into $1 Million USD.

47. It would be unjust and inequitable to allow LYU to retain these funds while having utterly failed to provide any shares to Plaintiff. As Plaintiff no longer wishes to invest in LYU's company, Plaintiff has requested and is entitled to a return of his $1,000,000.

48. Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, together with prejudgment interest and post-judgment interest, an award of costs of suit including Plaintiff's attorney's fees, and such other and further relief as the Court deems proper.

### COUNT III – UNJUST ENRICHMENT
### (As Against VALARHASH LLC, VALARHASH INC., and VHASH, INC.)

49. Plaintiff incorporates by reference Paragraphs 1-48 as if set forth fully herein.

50. Plaintiff conferred a benefit on Defendants by paying them 23.5 BTC per the oral

agreement noted above.

51. Defendants appreciated the benefit of the funds that Plaintiff paid to Defendants.

52. Defendants improperly have maintained possession of these funds, despite failing to deliver any of the required shares under the parties' oral agreement.

53. In particular, Plaintiff transacted 23.5BTCs to LYU's personal designated Cold Wallet. LYU acknowledged receipt of the 23.5BTC and upon receipt, immediately converted the Bitcoins into $1 Million USD.

54. Thereafter, LYU and her own counsel admitted that VALARHASH LLC, VALARHASH INC. and VHASH INC. did in fact used Plaintiff's $1 Million towards business operations.

55. Notably, by Defendants' own admission, they converted and used Plaintiff's funds for their benefit and Plaintiff never received a single share of any of the companies.

56. It would be unjust and inequitable to allow VALARHASH LLC, VALARHASH INC., and VHASH, INC. to retain these funds while having utterly failed to provide any shares to Plaintiff. As Plaintiff no longer wishes to invest in LYU's company, Plaintiff has requested and is entitled to a return of his $1,000,000.

57. Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, together with prejudgment interest and post-judgment interest, an award of costs of suit including Plaintiff's attorney's fees, and such other and further relief as the Court deems proper.

## COUNT IV- CONVERSION
### (As Against YONGSHUANG LYU a/k/a FIONA LYU)

58. Plaintiff incorporates by reference Paragraphs 1-57 as if set forth fully herein.

59. Defendants have wrongfully exercised dominion and control over property belonging to Plaintiff.

60. In particular, Plaintiff paid Defendants the amount of $1,000,000.00 or 23.5BTCs with respect to purchasing shares in VALARHASH. Of that amount Defendants attempted to return 3.5 Bitcoins which Plaintiff has refused to accept and is still sitting in Plaintiff's Cold Wallet.

61. Plaintiff has therefore suffered, and will continue to suffer, damages including the loss of the converted property and its inability to use said property in the ordinary course of business. Such damages also include the $1 Million Dollars that Plaintiff was entitled to receive back from Defendants. Such damages further include the losses Plaintiff has sustained as a result of the severe and ongoing disruptions to his business operations, which arose as the natural and foreseeable result of Defendants' deprivation of Plaintiff's property.

62. Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000 together with prejudgment interest and post-judgment interest, an award of costs of suit including Plaintiff's attorney's fees, and such other and further relief as the Court deems proper.

## COUNT V- CONVERSION
### (As Against VALARHASH LLC, VALARHASH INC., VHASH, INC)

63. Plaintiff incorporates by reference Paragraphs 1-62 as if set forth fully herein.

64. Defendants have wrongfully exercised dominion and control over property belonging to Plaintiff.

65. In particular, Plaintiff paid Defendants the amount of $1,000,000.00 or 23.5BTCs with respect to purchasing shares in VALARHASH. Of that amount, Defendants attempted to return 3.5 Bitcoins which Plaintiff has refused to accept and is still sitting in Plaintiff's Cold Wallet.

66. Plaintiff has therefore suffered, and will continue to suffer, damages including the loss of the converted property and its inability to use said property in the ordinary course of business. Such damages also include the $1 Million Dollars that Plaintiff was entitled to receive back from Defendants.

Such damages further include the losses Plaintiff has sustained as a result of the severe and ongoing disruptions to his business operations, which arose as the natural and foreseeable result of Defendants' deprivation of Plaintiffs' property.

67. Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000 together with prejudgment interest and post-judgment interest, an award of costs of suit including Plaintiff's attorney's fees, and such other and further relief as the Court deems proper.

## COUNT VI - FRAUDULENT MISREPRESENTATION / FRAUDULENT OMISSION

68. Plaintiff incorporates by reference Paragraphs 1-67 as if set forth fully herein.

69. While Plaintiff waited for LYU and VARLARHASH to provide an agreement reflecting his $1 Million capital infusion in exchange for his 5% equity share in VALARHASH, Plaintiff learned of numerous questionable and seemingly fraudulent transactions by LYU and VALARHASH.

70. Notably, at all times during LYU's conversations with Plaintiff, LYU represented to Plaintiff that VALARHASH was a financially sound company and that Plaintiff would certainly recoup his capital contribution if the company were ever to dissolve.

71. Notably, LYU represented that VALARHASH had bitcoin mining equipment in various U.S Cities including Cleveland Ohio.

72. Additionally, LYU represented that VALARHASH entered into certain lucrative partnership agreements that would generate sufficient cashflow to net the equity owners of the company a profit.

73. Based on those representations made by LYU, Plaintiff acquiesced to investing into the company and indeed infuse at least $1 Million Dollars which LYU and her counsel admitted that VALARHASH used for business operations.

74. Defendant LYU misrepresentations were false in that VALARHASH has not paid back Plaintiff's $1Million Dollar contribution.

75. Defendant LYU knew or believed that the information she represented about VALARHASH was false and the company is not financially sound.

76. Defendant LYU made these false representations to induce Plaintiff into investing monies in VALARHASH with the intention of not paying Plaintiff back.

77. Defendants' fraudulent misrepresentations and/or fraudulent omissions induced Plaintiff to enter into the parties' Agreements and to pay millions of dollars to Defendants to purchase BTC, which Defendants never provided or had any intention or ability to provide.

78. As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff has suffered direct damages in the loss of the funds it paid to Defendants in the amount of $1 Million Dollars, which were not returned in connection the acquisition of transaction that never closed.

79. As a direct and proximate result of Defendants' fraudulent misrepresentations and fraudulent omissions, Plaintiff has suffered direct damages in the loss of the funds it paid to Defendants in the amount of $1,000,000.

80. As a direct and proximate result of Defendants' fraudulent misrepresentations and fraudulent omissions, Plaintiff has suffered direct damages in the loss of the funds it paid to Defendants in the amount of $1,000,000.

81. As a direct and proximate result of Defendants' fraudulent misrepresentations and fraudulent omissions, Plaintiff has also sustained damages arising as the natural and foreseeable consequence of Defendants' misconduct.

82. As a direct and proximate result of Defendants' fraudulent misrepresentations and fraudulent omissions, Plaintiff has sustained damages in an amount in excess of $1 Million Dollars.

83. Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000 together with punitive damages, prejudgment interest and post-judgment interest, an award of costs of suit including Plaintiff's attorney's fees, and such other and further relief as the Court deems proper.

## COUNT VII - NEGLIGENT MISREPRESENTATION / NONDISCLOSURE

84. Plaintiff incorporates by reference Paragraphs 1-83 as if set forth fully herein.

85. While Plaintiff waited for LYU and VARLARHASH to provide an agreement reflecting his $1 Million capital infusion in exchange for his 5% equity share in VALARHASH, Plaintiff learned of numerous questionable and seemingly fraudulent transactions by LYU and VALARHASH.

86. Notably, at all times during LYU's conversations with Plaintiff, LYU represented to Plaintiff that VALARHASH was a financially sound company and that Plaintiff would certainly recoup his capital contribution if the company were ever to dissolve.

87. Notably, LYU represented that VALARHASH had bitcoin mining equipment in various U.S Cities including Cleveland Ohio.

88. Additionally, LYU represented that VALARHASH entered into certain lucrative partnership agreements that would generate sufficient cashflow to net the equity owners of the company a profit.

89. Based on those representations made by LYU, Plaintiff acquiesced to investing into the company and indeed infuse at least $1 Million Dollars which LYU and her counsel admitted that VALARHASH used for business operations.

90. Defendant LYU misrepresentations were false in that VALARHASH has not paid back Plaintiff's $1Million Dollar contribution.

91. Defendant LYU knew or believed that the information she represented about

VALARHASH was false and the company is not financially sound.

92. Defendant LYU made these false representations to induce Plaintiff into investing monies in VALARHASH with the intention of not paying Plaintiff back.

93. As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff has suffered direct damages in the loss of the funds it paid to Defendants in the amount of $1,000,000.

94. As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff has also sustained damages arising as the natural and foreseeable consequence of Defendants' misconduct.

95. As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff has sustained damages in an amount in excess of $1,000,000 Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000 together with punitive damages, prejudgment interest and post-judgment interest, an award of costs of suit including Plaintiff's attorney's fees, and such other and further relief as the Court deems proper

## COUNT VIII - CIVIL CONSPIRACY

96. Plaintiff incorporates by reference Paragraphs 1-95 as if set forth fully herein.

97. Defendants acted with a common purpose to induce Plaintiff to enter into an agreement while Defendants had neither the intention nor the ability to perform under the parties' Agreements.

98. Defendants acted intentionally and with the improper purpose of inducing Plaintiff to invest $1 Million Dollars into VALARHASH, without ever delivering any shares and knowing that VALARHASH would not be able to pay the Plaintiff back.

99. Defendant LYU together with Defendant VALARHASH acted intentionally and with the improper purpose of providing false information about VALARHASH's financial condition.

100. The transmissions of these false representations and defendants accepting and converting

Plaintiff's $1Million Dollars constitute overt acts done in furtherance of this common purpose.

101. Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000.00, together with punitive damages, prejudgment interest and post-judgment interest, an award of costs of suit including Plaintiff's attorney's fees, and such other and further relief as the Court deems proper.

## **JURY DEMAND**

102. Plaintiff hereby demands a trial by jury.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court declare through entry of a judgment that:

(a) Defendants have breached their duties to Plaintiff with respect to the oral agreement to purchase the 5% equity shares in VALARHASH.

(b) Plaintiff is entitled to a return of all of the funds it paid to Defendants which is no less than $1 Million Dollars plus statutory interest.

(c) As a direct and proximate result of Defendants' breaches of their duties to Plaintiff with respect to the oral agreement, Plaintiff has suffered direct and consequential damages in an amount in excess of $1,000,000;

(d) In the alternative, even if the parties' oral agreement is unenforceable, Defendants have accepted, converted and by their own admission used Plaintiff's $ 1 Million Dollars towards business operations. Therefore, Defendants have been unjustly enriched in the amount of $1,000,000. Thus, Plaintiff is entitled to a full return of his $1 Million Dollars;

(e) Plaintiff is entitled to an award of its attorney's fees and costs incurred in connection with bringing this action;

(f) Plaintiff is entitled to an award treble damage, punitive damages, prejudgment interest, and post-judgment interest in the amount of $2 Million Dollars; and,

(g) Plaintiff is entitled to such other and further relief that this Honorable Court deems proper.

Dated: Brooklyn, New York
       December 1, 2022

                  Yours, etc.,

                  DORLEUS LAW PLLC

By: *Josue Dorleus*
                  Josue Dorleus, Esq. (JD5935)
                  Attorneys for Plaintiff
                  HAOYANG HUANG
                  10 Paerdegat 9Th Street,
                  Brooklyn, New York 11236
                  Tel.: 917.353.2475

**Exhibit A**



Exhibit A Converted



| 项目 | 金额 | 币种 |
|---|---:|---|
| 美国入账 | 1,000,000.00 | USDT |
| 美国入账 | 2,500,000.00 | USDT |
| 美国入账 | 2,000,000.00 | USDT |
| 美国入账 | 1,700,000.00 | USDT |
| 136个集装箱货款 | -4,800,000.00 | USDT |
| 136个集装箱货款 | -73,007.00 | USDT |
| 140个集装箱货款 | -5,009,224.00 | USDT |
| 136+140集装箱海运费定金 | -9,330,451.81 | CNY |
| 136个集装箱海运费尾款 | -1,800,191.33 | USD |
| 140个集装箱海运费尾款 | -1,925,000.00 | USD |
| 136个集装箱陆地拖车费 | -489,600.00 | USD |
| 136个集装箱杂费 | -160,330.00 | USD |
| 税金 | -1,352,236.26 | USD |
| 税金 | -1,137,575.50 | USD |
| 140个集装箱陆运费定金 | -604,000.00 | USD |
| 140个集装箱陆运费尾款 | -291,700.00 | USD |
| | | |
| 集装箱总支出 | 19,088,314.09 | usdt |
| Haoyang付Fiona | 1,000,000.00 | usdt |
| 赵总付Fiona | 6,200,000.00 | usdt |
| 赵总付比特大陆 | 9,809,224.00 | usdt |
| 老丁付比特大陆 | 73,007.00 | usdt |
| 平台垫付 | 2,006,083.09 | usdt |

Exhibit B



| 项目 | 金额 | 币种 | 付款人 | |
|---|---|---|---|---|
| 美国入账 | 1,000,000.00 | USDT | haoyang | |
| 美国入账 | 2,500,000.00 | USDT | 赵总 | |
| 美国入账 | 2,000,000.00 | USDT | 赵总 | |
| 美国入账 | 1,700,000.00 | USDT | 赵总 | |
| 136个集装箱货款 | -4,800,000.00 | USDT | 赵总 | |
| 136个集装箱货款 | -73,007.00 | USDT | 丁总 | |
| 140个集装箱货款 | -5,009,224.00 | USDT | 赵总 | |
| 136+140集装箱海运费定金 | -9,330,451.81 | CNY | 平台代付 | 1445450个USDT |
| 136个集装箱海运费尾款 | -1,800,191.33 | USD | 平台代付 | |
| 140个集装箱海运费尾款 | -1,925,000.00 | USD | 平台代付 | |
| 136个集装箱陆地拖车费 | -489,600.00 | USD | 平台代付 | |
| 136个集装箱杂费 | -160,330.00 | USD | 平台代付 | 码头费、堆场费用、等候费、压夜费、滞港费等 |
| 税金 | -1,352,236.26 | USD | 平台代付 | |
| 税金 | -1,137,575.50 | USD | 平台代付 | |
| 140个集装箱陆运费定金 | -604,000.00 | USD | 平台代付 | |
| 140个集装箱陆运费尾款 | -291,700.00 | USD | 平台代付 | |
| | | | | |
| 集装箱总支出 | 19,088,314.09 | usdt | | |
| Haoyang付Fiona | 1,000,000.00 | usdt | | 实际支付btc23.5 |
| 赵总付Fiona | 6,200,000.00 | usdt | | 分三笔支付，分别为250万，200万，170万 |
| 赵总付比特大陆 | 9,809,224.00 | usdt | | |
| 老丁付比特大陆 | 73,007.00 | usdt | | |
| 平台垫付 | 2,006,083.09 | usdt | | 此部分赵总和平台在对账中 |

Exhibit B converted