USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/7/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Haoyang Huang,

                                          Plaintiff,

            -against-

Valarhash LLC, et al.,

                                          Defendants.

1:22-cv-09973 (GHW) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pending before the Court is the motion of Plaintiff Haoyang Huang ("Plaintiff" or "Huang") to transfer venue of this action to the U.S. District Court for the Northern District of Ohio. (Pl.'s 10/31/23 Mot., ECF No. 47.) For the reasons set forth below, Plaintiff's motion is GRANTED.

**BACKGROUND**

On November 22, 2022, Huang commenced this action by filing a Complaint against Defendants Valarhash LLC, Valarhash Inc. and Vhash, Inc. (collectively, the "Valarhash Entities") and Yongshuang Lyu a/k/a Fiona Lyu ("Lyu") (together with the Valarhash entities, the "Defendants") (Compl., ECF No. 1), and on December 2, 2022 filed an Amended Complaint. (Am. Compl., ECF No. 3.) After Defendants failed to appear in this action and certificates of default were entered against them, on August 11, 2023, Huang filed a motion for a default judgment. (Pl.'s 8/11/23 Mot., ECF No. 40.) On September 20, 2023, the Court ordered Huang to show cause why his motion for default judgment should not be denied because the Court lacks personal jurisdiction over the Defendants. (9/20/23 OTSC, ECF No. 43.)

On October 31, 2023, Huang filed the motion to transfer venue that is now before the Court. (*See* Pl.'s 10/31/23 Mot.) In his motion, Huang acknowledges that "the state of New York . . . has no relationship to this action." (*Id*.)

## DISCUSSION

Plaintiff incorrectly has relied on 28 U.S.C. § 1404(a) for his venue-transfer motion. (*See* Pl.'s 10/31/23 Mot.) Section 1404(a), which provides for transfer based upon "the convenience of parties and witnesses," 28 U.S.C. § 1404(a), "operates on the premises that the plaintiff has properly exercised his venue privilege." *See Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) (footnote omitted). By contrast, 28 U.S.C. § 1406(a) "provides for transfer from forums in which venue is wrongly or improperly laid." *Id*. Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In order to determine whether this District is the "wrong" venue, the Court refers to the general venue statute, *i.e.*, 28 U.S.C. § 1391.[1] Title 28 U.S.C. § 1391(b) provides that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

---

[1] Section 1391, subject to exceptions not applicable here, "govern[s] the venue of all civil actions brought in district courts of the United States . . .." 28 U.S.C. § 1391(a)(1).

defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §

1391(b). The Southern District of New York does not meet any of the criteria in subsections (1)

through (3).

The Court need not have personal jurisdiction over the defendants in order to transfer a

case under 28 U.S.C. § 1406(a). *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The

language of [28 U.S.C. §] 1406(a) is amply broad enough to authorize the transfer of cases,

however wrong the plaintiff may have been in filing his case as to venue, whether the court in

which it was filed had personal jurisdiction over the defendants or not."); *see also* 28 U.S.C. §

1631 ("Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that

court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice,

transfer such action or appeal to any other such court . . . in which the action . . . could have been

brought at the time it was filed or noticed . . .."). However, "[t]he transferee court must be one

in which the action could have been properly filed initially, satisfying venue and personal

jurisdiction requirements." *McCulley v. Anglers Cove Condo. Ass'n, Inc.*, 977 F. Supp. 177, 181

(E.D.N.Y. 1997) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)); *see also*

*Cohen v. Altman*, No. 6:18-CV-06812 (MAT), 2019 WL 537222, at *2 (W.D.N.Y. Feb. 11, 2019).

In the present case, Plaintiff seeks to transfer this action to the Northern District of Ohio.

If this action initially would have been filed in that District, venue would have been proper

pursuant to 28 U.S.C. § 1391(a)(2) (stating action may be brought in "a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

of property that is the subject of the action is situated"), based upon Plaintiff's allegations that

"all contact between plaintiff and defendant Lyu relating to the $1 Million investment into the

[Valarhash Entities] occurred in Cleveland." (*See* Pl.'s 10/31/23 Mem., ECF No. 48, at 7[2] (citing Am. Compl., ¶¶ 15, 16, 71).)

In addition, if this action initially would have been filed in the Northern District of Ohio, based upon Plaintiff's allegations, it appears that personal jurisdiction would have been satisfied as to each of the Defendants. Plaintiff alleges that Defendants Valarhash LLC and Valarhash Inc. have their "principal headquarters" in Cleveland, Ohio. (*See* Pl.'s 10/30/23 Mem. at 6.) Plaintiff further alleges that Defendant "Vhash Inc. is an Ohio corporation" (*see id.* at 2) and that Defendant Lyu is domiciled in Cleveland, Ohio. (*See id.* at 2, 6.) These allegations are sufficient to suggest that this action could have been brought in the Northern District of Ohio. *See Lama v. New Century Found.*, No. 19-CV-02169 (GHW) (DF), 2019 WL 7599899, at *10 (S.D.N.Y. Oct. 10, 2019), *report and recommendation adopted*, 2019 WL 13368587 (S.D.N.Y. Oct. 28, 2019) (noting "certainty is not the standard which guides the Court's discretion on this matter") (internal quotation marks omitted) (citing *Centerboard Sec., LLC v. Benefuel, Inc.*, No. 15-CV-00071 (PAC), 2015 WL 4622588, at *3 (S.D.N.Y. Aug. 3, 2015) (transferring, rather than dismissing, action to district where "venue and jurisdiction [were] *likely* proper")).

Thus, the Court must determine whether it is in the interest of justice to transfer this case to a proper forum rather than to dismiss it. "The district court's decision whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette*, 997 F.2d at 1026); *see also Lama*, 2019 WL 7599899, at *7 ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of

---

[2] The Court notes that the pages of Plaintiff's memorandum are misnumbered, such that the first page bears the number "2." The Court herein cites to the page numbers of the memorandum as affixed by Plaintiff.

justice."). "Transfer should be the usual remedy for improper venue." *Grossman v. Citibank, N.A.*, No. 22-CV-09183 (NSR), 2022 WL 16751944, at *1 (S.D.N.Y. Nov. 4, 2022) (citing 17 Moore's Federal Practice ¶ 111.34 (3d ed. 2020) ("Ordinarily, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating.")). Accordingly, the Court, in its discretion, finds that transfer in the interest of justice is warranted.

<u>**CONCLUSION**</u>

By reason of the foregoing, the Court hereby transfers this case to the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. § 1406(a).[3]

**SO ORDERED**.

Dated:        New York, New York
                 November 7, 2023

_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

[3] "[T]ransfer orders are non-dispositive and consequently are within the authority of a magistrate judge acting pursuant to 28 U.S.C. § 636(b)(1)(A)." *Alexander v. Commissioner of Soc. Sec.*, No. 23-CV-06964 (AT) (BCM), 2023 WL 6125634, at *3 (S.D.N.Y. Sept. 19, 2023).